IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CONTINENTAL INSURANCE CO.,**        )
                                       )
      Plaintiff,                )
                                       )
v.                                     )   Civil No. **07-407-GPM**
                                       )
**TKT, INC.,**                         )
**d/b/a Norrenberns Truck Service,**   )
                                       )
      Defendant.                )

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion to Determine the Sufficiency of Answers to Requests for Admissions. **(Doc. 28)**.

Plaintiff moves for a determination of the sufficiency of defendant's responses to requests for admissions numbered 1, 6, 7, 13, 14, 20, and 23 . Plaintiff contends that the responses are insufficient, and that those requests should be deemed admitted. Defendant filed a response to the motion at **Doc. 30.** Plaintiff then filed a reply at **Doc. 31.**

Plaintiff Continental is suing as the subrogee of GDB International, Inc. Defendant is a warehouseman for hire. Plaintiff claims that paint products belonging to GDB were stored in defendant's warehouse pursuant to a "warehouse contract" dated May 1, 2003, and that the paint products were damaged and/or destroyed in a fire on June 7, 2006. Continental seeks damages for the amount paid to its insured for the damaged products, plus interest, costs and attorneys fees.

Fed.R.Civ.P. 36(a)(4) provides as follows:

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or

deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Defendant filed its answer to the complaint on January 10, 2008. It then filed its responses to the requests for admissions a week later. **See, Doc. 27.** Some of plaintiff's dissatisfaction with the responses stems from the fact that the responses contradict admissions made in the answer. On June 6, 2008, with leave of court, defendant file an amended answer, **Doc. 43.**

In view of the filing of the amended answer, the motion is moot as to requests numbered 1, 6, 7, and 14.

Plaintiff's challenge to the response to requests numbered 13, 20,and 23 is based on the requirement that a "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." **Rule 36(a)(4).** Technically, plaintiff is correct in that the responses to the requests do not include the required statement. However, defendant has made the required statement regarding a reasonable inquiry in its response to the motion. In addition, defendant points out that its ability to investigate is hampered by the fact that the contents of the warehouse were destroyed in the fire.

Upon consideration and for good cause shown, Plaintiff's Motion to Determine the Sufficiency of Answers to Requests for Admissions **(Doc. 28)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: July 9, 2008.**          s/ Clifford J. Proud
                                 **CLIFFORD J. PROUD**
                                 **U.S. MAGISTRATE JUDGE**