IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, )<br>as Subrogee of GDB International, Inc., )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>TKT, INC., d/b/a NORRENBERNS TRUCK )<br>SERVICE, )<br>)<br>**Defendant.** ) | Cause No. 07-407-GPM |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff's motion for summary judgment was heard June 9, 2008, and is granted for the following reasons.

### BACKGROUND

Plaintiff, Continental Insurance Company ("Continental"), is subrogated to the rights of GDB International ("GDB"). GDB is in the business of buying, processing, and reselling salvaged paint products. Defendant TKT, Inc., d/b/a Norrenberns Truck Service ("Norrenberns"), is a warehouseman that provides storage for hire in Nashville, Illinois.

On May 1, 2004, Norrenberns entered into a contract with GDB to store the latter's paint products for a fee at its warehouse in Nashville, Illinois.

On June 7, 2006, the warehouse and paint products were destroyed by fire. The nature, cause, and origin of the fire are unknown. The Illinois Environmental Protection Agency ordered all evidence of the fire destroyed. There was no lightning in the area that day, the weather was dry

and clear, and the winds were light. There were no alarms, sprinklers, flame detectors, gas detectors, or smoke detectors. (*See* Doc.36-6 and 36-7, Ex. 6 and 7).

Continental made good on its insurance policy and paid GDB $423,230.03 ($424,230.03, less a $1,000 deductible) for the damages caused by the fire. Continental has two claims against Norrenberns: (1) breach of contract; and (2) negligent bailment - *Res Ispa Loquitor*.

## ANALYSIS

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P 56 (c). In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *See NLFC, Inc. v. Devcom Mid-America, Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Enquip, Inc. v. Smith-McDonald Corp.,* 655 F.2d 115, 118 (7th Cir. 1981).

Subject matter jurisdiction is based on 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties: Continental is a New Hampshire corporation with its principal place of business in New York; GDB is a New Jersey corporation with its principal place of business in New Jersey; and Norrenberns is an Illinois corporation with its principal place of business in Illinois. The amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is appropriate here because the loss occurred in this district, and Norrenberns resides in this district. The parties agree that Illinois law applies pursuant to the terms of their contract.

Norrenberns disputes which contract was binding at the time of the fire, but the only contract signed by both parties is dated February 21, 2004, and effective May 1, 2004, through May 1, 2008, titled, "CONTRACT FOR WAREHOUSE SPACE, OFFICE SPACE AND TRANSPORTATION

SERVICES" ("warehouse contract"). A term of this contract is that Norrenberns is only liable for those damages caused by its failure to exercise the care that a reasonably careful man under similar circumstances would exercise. (*See* Doc. 34-2, Ex. 1). In other words, Norrenberns is only liable for damages caused by its own negligence.

So the only issue in this case is whether the fire the was caused by Norrenberns's negligence. The resolution of this issue resolves both claims, as a finding of negligence constitutes a breach of Norrenberns's duty of care as a bailee.

The bailment claim places a rebuttable presumption of negligence on Norrenberns. In *Indemnity Ins. Co. of North America v. Hanjin Shipping Co., et al.,* 348 F.3d 628 (7th Cir. 2003), the court stated:

> In order to prevail on a bailment claim, [plaintiff] must show (1) an express or implied agreement to create a bailment, (2) delivery of the property in good condition, (3) acceptance of the property by the bailee, and (4) the bailee's failure to return the property, or the return of the property in damaged condition. Once the plaintiff has satisfied these requirements, there is a presumption of bailee negligence that may be rebutted if the defendant-bailee presents 'sufficient evidence to support a finding that the presumed fact did not exist and that the defendant was free from fault.'

*Id.* at 637-638 (citing *American Ambassador Cas. Co. v. Jackson,* 295 Ill.App.3d 485 (1st Dist. 1998)).

Continental proves an express agreement, delivery and acceptance of the goods, and complete destruction of the goods in the warehouse fire. Because the nature, cause, and origin of the fire are unknown and wholly unexplained, it is impossible for Norrenberns to overcome the presumption of negligence. There is no evidence of vandalism or arson, and weather was not a factor. And, as noted, the warehouse had no alarms, sprinklers, flame detectors, gas detectors, or smoke detectors. (*See* Doc.36-6 and 36-7, Ex. 6 and 7).

Continental points to *Magee v. Walbro, Inc.,* 171 Ill.App.3d 774 (Ill. App. Ct. 1988), as authority that evidence of safety precautions or ordinary preventative measures is not enough for a defendant to overcome the presumption of negligence:

> It is reasonable to assume that the defendants' procedures and security precautions customarily resulted in the return of the customer's fur. Mrs. Magee's fur was not returned; therefore, without showing more than the mere existence of safety and security measures, the defendants failed to rebut the presumption of negligence. Mrs. Magee was therefore entitled to recover her damages.

*Id.* at 778-779.

The *Magee* rationale is applicable here. Norrenberns offers its normal preventative measures and precautions to avoid the presumption, but this is not enough. The presumption of negligence in bailment cases is only overcome if a defendant provides, "[s]ufficient evidence to support a finding that the presumed fact did not exist and that the defendant was free from fault." *Indemnity,* 348 F.3d at 637-638.

Norrenberns argues it did not have exclusive control over the bailed items and, therefore, the *prima facie* case is incomplete. The contract authorized GDB to place an employee in the warehouse to assist with and provide oversight for the proper storage of the paint products and, as the argument goes, this negates the element of exclusive control. But GDB's employee in the warehouse is not inconsistent with Norrenberns's exclusive control over the bailed goods; it just means this person is not a trespasser. Assuming "exclusive control" is an element of the plaintiff's prima facie case (this is far from settled), it doesn't change things. It would be different if there was evidence that GDB was in some way responsible for the fire, but there is none.

Finally, Norrenberns argues that the signed warehouse contract is not the contract that was in effect at the time of the fire. Norrenberns points to a would-be contract which it says was binding

at the time of the fire. (*See* Doc. 38-6, Ex. 5). This draft contract significantly limits Norrenberns's potential liability. But this would-be contract was never signed by GDB, and the original contract was still, by its terms, in effect at the time of the fire. The argument that GDB bound itself to this anticipated contract (including the bailee's limited liability) by paying the greater storage rates it called for is baseless. Apparently GDB, for its own purposes, was willing to acquiesce to the market price for storage instead of choking Norrenberns with the negotiated price. GDB might have volunteered the larger payment looking forward to future beneficial relations with GDB, but this a far cry from implicitly accepting an entirely new contract. The original warehouse contract was in full force and effect at the time the bailed goods were destroyed.

## CONCLUSION

Continental's motion for summary judgment is **GRANTED**. Judgment will be entered against Norrenberns and in favor of Continental in the amount of $424,230.03, along with costs and pre-judgment interest. The rate of interest will be the average prime rate during the period from December 14, 2006 (the date Continental paid GDB for the loss) to now, calculated to be 7.72%. Interest shall be computed daily and compounded annually beginning on December 14, 2006, and ending on the date judgment is entered in these proceedings. Once judgment in entered, Continental is entitled to post-judgment interest at the rate of 4.98%.

**IT IS SO ORDERED.**

DATED: 7/14/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge